Good morning, your honors. May it please the court. My name is Molly Armour and I represent the defendant appellant Abdella Tounisi. Mr. Tounisi is a young man with tremendous mitigation that was presented at sentencing, none of which moved the court to sentence him to less than the maximum term of imprisonment and the maximum term of supervised release. It is our belief that the court procedurally erred in two significant ways. Number one, it failed to provide adequate reasoning for why it sentenced Abdella in this way and why the court sentenced him to a lifetime term of supervised release. Secondarily, we believe that the district court also procedurally erred at sentencing in failing to adequately consider the section 3553A factors, here focusing on the offense to the exclusion of all else and by not relying on properly supported facts and its conclusions. I'd first like to turn to talk about the inadequacy of reasoning here, first with regard to the sentence and then with regard to the term of supervised release, which I think may be the more significant of errors. As to the sentence, the court went through and listed in a laundry list fashion everything that considered under the sun. But what it didn't provide us with is an analysis as to how that court considered those factors. Does the law require that though, Ms. Warmer? Doesn't it just require the court to consider and acknowledge that he has considered the factors and set forth which of the 3553 factors are most compelling? Is there anything that requires the judge to analyze, and it sounds like what you're asking for, the detail of each of the 3553 factors? I do believe that the court is required to provide justification. But that's different than analyzing each of the 3553 factors. And looking at the transcript here, Judge Darriagan went through each of the factors, and it was clear that the seriousness of the crime and general deterrence and respect for the law were very significant to him in imposing the sentence. And although you may put different weight on other factors, that doesn't mean that he procedurally erred given his detail under those particular factors. Well, dealing with each one of those factors in turn, I think we have issues with regard to the general deterrence as it goes to our second issue, which is inadequate consideration. So that is one of the factors in which the defendant set forth a number of reasons why general deterrence should not be a predominant factor, and the court gave short shrift to those. Do you see in the reasoning of Judge Darriagan, though, general deterrence being a predominant factor? The way I read the sentencing transcript is that you're talking about a terrorism offense here, and the nature and circumstances of the offense and the gravity of the offense seem to me to be what Judge Darriagan put the most weight on. I would agree that I believe that the court put primarily a weight on seriousness of the offense. And I would also just note that one of the elements that the court, I think, failed to adequately consider here was that terrorism encompasses a full range of activity. Everything from these basic level traveler cases, of which Mr. Tunesis is probably not the least serious, but in the range of seriousness offenses going all the way up to the attacks of September 11th certainly ranks at the bottom level of seriousness in these kinds of offenses. Yet the court really seemed to only see one thing, terrorism. But he focused on the particular charges in this case, and the fact that your client had lied to the FBI at the airport, and he had been notified by a friend about a friend's arrest, yet continued, that his parents had tried to deter him from engaging in this activity, yet he continued. So Judge Darriagan was focused on the particular facts here, not some broader concept of terrorism. Well, I think if you look at certain parts of the sentencing transcript, you can tell that the judge actually has certain feelings about terrorism. He calls it the most serious offense in all offenses, and talks about it in generalized terms in other points in the transcript. But with regard to that, I would say that there are certain elements of that, of mitigation, that the court entirely ignored, which is this is offense that occurred four years previous. Some of the elements of what you're talking about, Your Honor, occurred before this defendant was even 18 years of age. He was arrested when he was 18, and some of those things occurred even before that. And one of our principal arguments was the effect of youth on brain development and on decision making. And here he stood before sentencing, now in his 20s, significant time had passed, and yet that particular aspect was not dealt with. Only his conduct at the time of the offense was considered. But I think this comes to the greatest bear when we talk about the supervised release violation, a supervised release, a length, that the court conferred. And just to confirm, you are not challenging the imposition of the supervised release terms under Thompson, are you? You're just focusing on the term of release? I'm focusing on the length of release. Okay. And that is because the parties agreed to a number of these terms. But the length of which was an element that was challenged before this court, in the process that the court set forth. Before you get into this, can I just ask you, if you were concerned about the length of supervised release, given that it was part of the permissible range here, why didn't you raise that in the district court? I'm not asking the question to suggest kind of waiver, but when the lifetime of supervised release was clearly on the table, why didn't you ask Judge Deryagin to address that? I believe we did ask the judge to address that in the filings that we were asked to set forth. He specifically asked for us to put forth our objection to supervised release on very specific filings. We did that. We detailed that. I will say there was a time when the court was asking a number of questions about the supervised release conditions. And if you read that transcript, it was a very directive colloquy. The court was asking very specific questions about this term. What do this party think about that? What does that party think about this? Now the next term. At no point was there a discussion about length, or was that invited by the court? We believe that. We certainly did raise our assertion about our objection to a lifetime supervised release term in our filings. But we were also following the process of the court. And as we said at the outset of our argument, there were principal arguments that we were not going to address at the hearing. This was a case of great weight to all of the parties. And we thought it best to focus on certain issues at that particular hearing. But is it your position that the law required an express discussion about the length of supervised release? The law requires, at the barest minimum, saying that the court believes it's appropriate. At the barest minimum, the court saying that there is some justification. There is an utter absence of that in the record. What do you rely upon for that legally? Well, this court has had opinions regarding the importance of that. I don't believe they were cited in the briefs. But there have been expressed opinions talking about the interplay between 3583C and 3553A and discussing how it is necessary to focus on what we're doing with supervised release, which is not innately punishment. Although it's part of the sentence, it's not innately punishment. And I think it's so significant that the primary basis here was seriousness of the offense. And if that is so, and there is absolutely no reasoning for the length of supervised release, it seems to me that we have this conundrum of impermissibility that comes to bear, because those basises cannot subsist. It's part of a single sentence. It's part of a single sentence. And yet, supervised. There's a constant push by defense counsel to want us versus their sentencing, right? You want to take, you want to force the district judges never to have it said enough. You always want us to say they didn't say enough. And in this case right now, a single sentence, you're saying, well, they should have talked about supervised release and the sentence, how long it should be and so forth. I'm just asking for, yes, a single sentence. This court has told district courts how to do this. And so the absence here in this case is all the more significant. Not very well we haven't. I think this is an appropriate case, given the interplay between 3583 and 3553. So if the court finds that the justification given by the district court judge for the sentence was sufficient, and the district court judge applied the length of supervised release under 3553 in those factors, is that sufficient? Or are you saying that the district court judge needed to do something above and beyond to specifically address supervised release? In this specific case, where the seriousness of the offense predominated the court's reasoning, and where that is not a delineated and permissible basis under 3583, which sets forth the factors which may be considered. But the nature and circumstances of the offense are appropriately considered when it comes to the length of supervised release. And the nature and circumstances of this defense are material support to a terrorist organization. That was not the predominant basis for which this court relied on. And, Your Honor, What do you mean this court? You mean the sentencing court? The sentencing court relied on, which is what Your Honor went straight to the heart of. Severity was at the crux of this. And if you read the five paragraphs, which specifically relate to the reasoning here, three of them are about the seriousness of the offense, which is a prohibited section under 3583. And so in this particular circumstance, and given the overwhelming mitigation, we believe that because supervised release is part of the sentence, it must be remanded for a full resentencing, obviously before a different judge, because at this point, Judge Juregen is no longer sitting. Thank you. Thank you, counsel. Lynn Greenwald on behalf of the United States. I'd like to begin with supervised release, and I'd like to begin with the point that you were making, Judge. The provision of 3583C, which lists the factors to be considered for supervised release, specifically authorizes consideration of the nature and circumstances of the offense, as does 3553A when you're doing the imprisonment sentence. And here the court did focus on the circumstances and the nature of the offense. And in the context of its 3553A analysis, obviously that focused on not only the seriousness of the offense, which definitely the court did, and considered it certainly in a punishment sense for the term of imprisonment, but those factors also went to the court's consideration of the need to protect the public, of the need for general deterrence. And the court discusses that at length, about the potential harm that can be caused by the circumstances and nature of this kind of terroristic activity, and considered those. And in the context of supervised release, that translates into what is critical for supervised release, which is the importance of protecting the public, that it go to those factors as well as rehabilitation. So to consider, I think to just say you can't consider seriousness, while that's true, that doesn't mean that the nature and circumstances of the offense are not significant, are not important. And in a case like this, it's a close line between using the word seriousness and using the word great harm, as in the nature and circumstances of the offense. And I also do think that the transcript does not support that this was all about seriousness for the court. Certainly it was. The government doesn't disregard that at all. But it was also about the importance of deterrence. It was also the importance about protection of the public. And it was also about sending a message, deterrence and about specific deterrence of this individual who was so determined to commit this crime. I would also point out that, while it is definitely not the government's position at all that the defendant in any way waived or forfeited the challenge to the term of supervised release, they definitely raised that. But to say that was a principle or a major argument that was brought to the forefront of the court's attention is just not supported by the record. And we cite that in depth in our brief. But in particular, in the filing that the defendant filed, dealing with the specific, the court invited, consistent with this court's orders, to get commentary specifically by the parties about the conditions of supervised release and the term of supervised release. And in that, in particular, and that's at the record, at document 83 at pages 1 and 2, the defendant suggested that the length of supervised release be a substantial term less than life, for example, 10 years, and requested in the alternative, if the court believes a substantially longer term is necessary, the supervised release order permit defendant to petition a court to terminate earlier. So I think, you know, the court, the defendant was trying to kind of balance here between saying give them a really long time of supervised release and maybe a shorter sentence. I mean, I understand all of that logic behind it. But as presented to the court, the arguments, all of the arguments in their papers, in their positions before the court, always ended with how it tied to the sentence of imprisonment, not how it went to the term of supervised release. And it really hasn't been until appeal that we've really focused on that. But that is in no way to suggest that the position was forfeited. They definitely put forth the position that it shouldn't be life. The court felt differently. It felt that given this defendant and this crime, that this was the appropriate sentence for a myriad of reasons, all of which, in really quite sufficient explanation, went through both the 3553A factors and the mitigation offered by the defendant. And unfortunately for the defendant, much of that mitigation either cut both ways or didn't carry sufficient weight with the court. So for all those reasons, the government would maintain that the record is amply sufficient to support the sentence imposed in this case. And unless the court has any further questions of me, I would ask that the sentence be affirmed. Thank you. Thanks to both counsel and the cases taken under advisement.